In the Matter of HELENE B. WILTSIE, Petitioner, against STATE OF NEW YORK et al., Respondents.

Supreme Court, Special Term, Bronx County, March 7, 1950.

*Richard J. McAnany* for petitioner.

*Nathaniel L. Goldstein, Attorney-General (Louis Winer* of counsel), for respondents.

BRISACH, J.   This is a proceeding brought under article 78 of the Civil Practice Act to review the determination of the Veterans' Bonus Bureau in rejecting the claim of the petitioner for payment of a veteran's bonus of $250, under chapter 547 of the Laws of 1947 (as amd.).

In 1917, while the veteran resided with his mother, in Plainfield, New Jersey, he was appointed to the United States Naval Academy at Annapolis, Maryland.   He was admitted to the academy as a midshipman on June 15, 1917; was graduated therefrom in 1921, and remained in continuous service of the United States Navy to the date of his death, which has been established to be presumptively as of November 25, 1944.

After his graduation from Annapolis in 1921, he married the petitioner in New York and took up residence in Pensacola, Florida, following which he changed his residence around the country as often as duty in the United States Navy required.

In May, 1941, the veteran was assigned to the U. S. S. *Yorktown,* then on the Atlantic coast, and established his residence in New York City, leasing an apartment at 434 West 238th Street, county of Bronx, city of New York, and signed a lease for two years on May 28, 1941.

Chapter 547 of the Laws of 1947 (as amd.) provides for the payment of a bonus to a veteran, or if he died in service, to his next of kin.   Those entitled to receive this bonus payment are provided for in section 1 of chapter 547 of the Laws of 1947 (as amd.).   The act, among other things, provides:

" (a) A bonus shall be paid to each male or female member of the armed forces of the United States, still in the armed forces, or separated or discharged under honorable conditions, who was on active duty with the armed forces at any time during the period from December seventh, nineteen hundred

forty-one to September second, nineteen hundred forty-five, both inclusive, who was a resident of this state for at least six months immediately prior to his or her enlistment, induction or call to active duty * * *.

" (c) A bonus of two hundred fifty dollars shall be paid to the next of kin of each male or female member of the armed forces who, having been a resident of this state for a period of six months immediately prior to his or her enlistment, induction or call to active duty, died while on active duty at any time during the period from December seventh, nineteen hundred forty-one to and including September second, nineteen teen hundred forty-five; or who died while on active duty subsequent to September second, nineteen hundred forty-five * * * and prior to receiving payment of a bonus under subdivision (a) of this section, provided that nothing in this subdivision shall authorize any payment to the next of kin of a member where death was due to his or her own misconduct."

The claim of the petitioner is that the veteran having signed a lease on May 28, 1941, six months prior to the actual entry of the veteran into the war (December 7, 1941), entitles her to the bonus.

The act is clear and unambiguous. It makes the bonus payable to the veteran or his next of kin conditioned upon the veteran's having been a resident of this State for a period of six months immediately preceding his or her call to active duty. Several hearings on application were had by the Veterans' Bonus Bureau, and the bureau held on ample proof that the petitioner's husband first entered the service in 1917 when he was appointed to the naval academy. That the Legislature had the right to designate the class of veterans entitled to the bonus does not seem to be questioned. "The courts may not upset the legislative classification because judges doubt its wisdom or disagree with the soundness of the legislative reasoning." (*Matter of Gianatasio* v. *Kaplan,* 142 Misc. 611, 615.)

The heroic services of the deceased veteran in which he made the supreme sacrifice are in no sense overlooked; his name is enshrined among the truly great heroes of World War II. They died that those who survived might enjoy the priceless heritage of freedom and liberty purchased at such a tremendous cost. The bonus is but slight recognition by the State of New York to those who entered service and were honorably discharged after completion of their service, for the part they played in the great conflict.

The method prescribed by the Legislature by which to determine the eligibility of the veteran for the receipt of this bonus payment was clearly within its province and power. It provided in unmistakable language that those entitled to receive the veteran's bonus must be residents of the State for a period of at least six months immediately prior to entry into service. The deceased veteran having entered the service in 1917 makes the petitioner ineligible for payment of the bonus under this act.

There is much that can be said in favor of the petitioner's claim, yet it cannot be said that the conclusion reached by the Veterans' Bonus Bureau is unreasonable, arbitrary or capricious. Accordingly, the court is constrained to dismiss the proceeding.